June 2, 2009

The Honorable Mike Jackson
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-0719

Re: Whether an attorney who acts as an unpaid advisor to the board of trustees of an independent school district may also represent the district for compensation in the collection of delinquent taxes (RQ-0767-GA)

Dear Senator Jackson:

On behalf of the Pasadena Independent School District (the "District"), you ask about the "potential conflict of interest for an attorney hired . . . to represent the District in the collection of delinquent ad valorem taxes but who also acts as an unpaid advisor to the . . . Board of Trustees."[1] You inform us that "[t]he concern for conflict of interest has been raised by a citizen of Pasadena and the District would like to ensure that [it is] abiding by all laws and rules of this state." Request Letter at 1. Neither your request letter nor other information submitted to this office specifies any rules or laws implicated by the private attorney's dual service or proffers any legal arguments.[2] Thus, our discussion is limited to identifying only those legal provisions we glean or believe may be implicated here in order to provide some guidance to the District.

You ask about "potential conflict[s] of interest for" the attorney hired by the District rather than the District or its board of trustees. See id. It does not appear that the attorney is an officer or an employee of the District. See id. (stating that the attorney acts as outside counsel with respect to the delinquent tax collection contract and as an unpaid advisor to the board of trustees); Tex. Att'y Gen. Op. No. JM-1060 (1989) at 2[3] ("In our opinion, an attorney who contracts under [section 6.30(c)] is an independent contractor and not an employee of the taxing unit."). Thus, the attorney's services as an unpaid advisor and as District representative for the collection of delinquent taxes do not appear to implicate laws pertaining to dual office holding or the common-law doctrine of incompatibility. See, e.g., Tex. Att'y Gen. Op. No. GA-0195 (2004) (discussing the applicability

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]*See id.* (and attachments); Brief from Doris W. Barnes at 1 (Dec. 17, 2008) (hereinafter Barnes Brief).

[3]*Modified on other grounds by* Tex. Att'y Gen. LO-89-70.

of Texas Constitution article XVI, section 40, common-law doctrine of incompatibility, and Texas Local Government Code chapter 171 in connection with simultaneous services as a city employee and director or officer of a water supply corporation). Nor do these services implicate the general conflict of interest provisions prohibiting a local public official from participating in decisions on any matter involving a business entity or real property in which the official has a substantial interest, unless a member of the District's board of trustees has the requisite interest in the delinquent tax collection contract or the attorney's practice. *See* TEX. LOC. GOV'T CODE ANN. §§ 171.001–.010 (Vernon 2008).

A District taxpayer alleges that the "unpaid legal counsel position is in fact a valuable gift of services that provides a strong inducement to retain the [current] Delinquent Tax Attorney" who "has served in both capacities since 1985." Barnes Brief at 1. Materials submitted with the brief suggest that the "gift" contravenes Tax Code section 6.30(c). *See* Barnes Brief at 1 & attached letter from Doris Barnes to Attorney General Greg Abbott at 2 (June 22, 2003) ("In light of Attorney General Opinion JC-0443 [construing Tax Code section 6.30(c)], this appears to be a gift of services provided solely to keep the lucrative delinquent tax collection contract.").

Section 6.30(c) of the Tax Code permits a school district to "contract with any competent attorney to represent the [taxing] unit to enforce the collection of delinquent taxes." TEX. TAX CODE ANN. § 6.30(c) (Vernon 2008); *see also id.* § 1.04(12) (defining "taxing unit" to include a school district). If a taxing unit contracts with an attorney under section 6.30 of the Tax Code, section 33.07 authorizes the taxing unit to provide that the obligor of the delinquent taxes "incur an additional penalty to defray costs of collection." *Id.* § 33.07(a). "The amount of the penalty may not exceed the amount of the compensation specified in the contract with the attorney to be paid in connection with the collection of the delinquent taxes." *Id.*; *see also City of Houston v. First City*, 827 S.W.2d 462, 474 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("[s]ection 33.07 is designed to pay the taxing unit's collection costs"). Thus, the entire section 33.07 penalty is to be paid as compensation to the contract attorney for representing the taxing unit in the collection of delinquent taxes. *See* TEX. TAX CODE ANN. § 33.07(a) (Vernon 2008); Tex. Att'y Gen. Op. Nos. JC-0443 (2001) at 2, JM-857 (1988) at 7; Tex. Comm. on Prof'l Ethics, Op. 545 (2002). Attorney General Opinion JC-0443 concludes that an attorney under a section 33.07 contract "may not donate any of the section 33.07 compensation to the county, whether the donation is to enhance the collection of delinquent taxes or for another county purpose" because "[t]he purpose of the penalty . . . is to compensate the attorney and not to pay other county expenses." Tex. Att'y Gen. Op. No. JC-0443 (2001) at 3 (considering whether a contracting attorney may donate personnel, equipment, or dollars back to the county).

At issue here is donation of other legal services in conjunction with, or under, a contract for collection of delinquent taxes.[4] We cannot determine whether a particular donation constitutes an

---

[4]*See, e.g.,* LAW OFFICE OF DEXTER D. JOYNER, MEMORANDUM OF UNDERSTANDING PURSUANT TO MEETING OF JUNE 6, 2002, § X, attached to Barnes Brief (setting out attorney's responsibilities "[t]o serve as delinquent tax attorney to [the District]" and "[t]o serve as general counsel to Board of Trustees at board meetings and at employee and student hearings").

allocation of the section 33.07 penalty for a District purpose other than delinquent tax collection because it is a question of fact. *See* Tex. Att'y Gen. Op. No. JC-0443 (2001) at 1, 4. As Attorney General Opinion JC-0443 advised, however, if the District's tax-collection contract provides for such a "donation," it "would certainly raise the issue that the contract impermissibly allocates some of the article 33.07 penalty to the" District for another purpose, i.e., the provision of other general legal services. *Id.*

Because you ask about "potential conflict of interest for an attorney," the Texas Disciplinary Rules of Professional Conduct (the "Rules") also may need to be considered in relation to any perceived conflicts of interest arising from the attorney's paid and unpaid services to the District. *See generally* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01–9.01, *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. A (Vernon 2005 & Supp. 2009) (Tex. State Bar R. art. X, § 9). The propriety of actions taken under the Rules are to be decided initially by the attorney, or by the disciplinary arm of the Supreme Court of Texas and the State Bar of Texas. *See id.* Preamble 15 (Vernon 2005) (stating that the Rules are basis for lawyer's self-assessment, or for sanctioning a lawyer under the administration of disciplinary authority); *see also* TEX. GOV'T CODE ANN. § 81.071 (Vernon 2005) ("Each attorney admitted to practice in this state . . . is subject to the disciplinary . . . jurisdiction of the supreme court and the Commission for Lawyer Discipline, a committee of the state bar."). The issuance of opinions regarding questions of professional conduct is a statutory function of the Committee on Professional Ethics (the "Committee"), which consists of nine members of the Texas State Bar who are appointed by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 81.091 (Vernon 2005) (creating the Committee); *id.* § 81.092(a) (providing that the Committee shall "express its opinion on the propriety of professional conduct"); *see also* Tex. Att'y Gen. Op. No. GA-0488 (2006) at 3 (stating that the Committee is the "appropriate body to consider the attorney's responsibility under the" Rules). Accordingly, questions relating to the propriety of the attorney's representation of the District under the Rules should be directed to the Committee.

## S U M M A R Y

The attorney's services to the Pasadena Independent School District as an unpaid advisor and collector of delinquent taxes do not appear, in this instance, to implicate laws pertaining to dual office holding, the common-law doctrine of incompatibility, or the general conflict of interest provisions contained in chapter 171 of the Local Government Code.

However, the provision of free legal services to a school district by an attorney under or in conjunction with a contract for the collection of delinquent taxes may contravene Tax Code section 33.07. Whether a donation of legal services by an attorney under a particular contract violates section 33.07 is a question of fact not appropriate for the attorney general opinion process.

The Texas Disciplinary Rules of Professional Conduct also may need to be considered in relation to the attorney's services to the school district. Questions about any potential conflicts of interest arising from the attorney's conduct must be addressed by the Committee on Professional Ethics.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee